DANIEL E. REGO, Plaintiff, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. HILLERS-THOMPSON COMPANY, Third-Party Defendant-Appellant.— On January 13, 1949, appellant contracted with the City of New York to install certain ventilating equipment at a garage owned by the city.

During the course of appellant's work, the garage was to be continuously operated for the servicing and storage of buses. The amended third-party complaint alleges that the contract provided that "'All additional expense, loss, risk and damage due to the opening of the garage for the storage of buses will be deemed to be included in the price stipulated in the lump sum price of the schedule of Prices. The Contractor shall be solely responsible for all physical injuries to persons or damage to property occurring on account of the work hereunder, and shall indemnify and save harmless the City from loss and from liability upon any and all claims on account of such injuries to person or damage to property.'" On April 5, 1949, plaintiff, a truck driver employed by appellant, was injured during the course of his work when an overhead metal runner used in connection with the operation of a door of the garage fell on him. Plaintiff's complaint against the City of New York alleged that the metal runner was defective, dangerous, and unsafe, to the knowledge of the city. The city's amended third-party complaint seeks indemnification based on the quoted provisions of the contract. The contractor appeals from an order denying its motion to dismiss the amended third-party complaint for insufficiency. Order reversed, with $10 costs and disbursements, and motion granted. The contract may not be construed to indemnify the city against its own negligence. While the contractor undertook the additional expense, loss, risk and damage due to the opening of the garage, it may not be inferred from the language of the contract that the contractor assumed the cost of accidents due to the negligence of the city in maintaining a defective building. Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.